## ALBANY TRUST CO. v. FROTHINGHAM.

(Supreme Court, Appellate Term. June 1, 1906.)

NOTES AND BILLS—ACTION AGAINST INDORSER—NOTICE OF PROTEST.

The payee of a protested note cannot recover of the indorser who did not, till three months after the protest, receive notice thereof; the notice having been mailed to him addressed to a place at which he did not live, and which was not his last known address.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 1179–1181.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Albany Trust Company against Walter D. Frothingham. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Sproull, Harmer & Sproull (Hugh M. Harmer, of counsel), for appellant.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for respondent.

GILDERSLEEVE, J. The action is against the indorser of a promissory note. The defense is that defendant did not receive notice of protest until many months after such protest, and about the time this action was commenced. Judgment was given for plaintiff. Defendant appeals. The maker of the note was defendant's father, who resided in Albany, where the note was made payable. The plaintiff's place of business is also located in Albany. Defendant has not lived in Albany for about eight years. For the last six years he has resided in the city of New York. The note fell due on July 10, 1905, was protested, and notice of protest was mailed on the same day in Albany to "Walter D. Frothingham, Esq., City." This was done under the direction of George C. Van Tuyl, the plaintiff's secretary. The envelope containing the notice was delivered at the residence of W. Frothingham, defendant's father, in Albany. He opened the envelope, read the notice, and kept it for several months, when he sent it in another envelope by mail to the defendant. He states as his reason for so keeping the notice that "the note was not to be paid by myself or my son." There is no evidence that the defendant had any knowledge of the protest of the note until several months later. The plaintiff's secretary knew that defendant had formerly lived in Albany and that his father still lived there. He had also occasionally met defendant in Albany since the latter had given up his residence there, but had received no communication from defendant in any way tending to indicate that

defendant's residence was in Albany during the last eight years. The defendant swears that he met Van Tuyl, the plaintiff's said secretary, in Albany some time in December, 1904, and told him that he (the defendant) was living in New York. The said Van Tuyl does not deny this assertion. Under this evidence it is an established fact in the case that the notice was not sent to the last known address of defendant, and' plaintiff should have used reasonable diligence in ascertaining defendant's New York address, having received actual notice that New York, and not Albany, was the residence of defendant. As the note was protested on July 10, 1905, and defendant did not receive the notice of protest until October, 1905, it cannot be said that he received it within a reasonable time after such protest.

We are of the opinion that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.